```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ERIC TOLLIVER,<br><br>                    Plaintiff,<br><br>-against-<br><br>LIEUTENANT JORDAN; C.O. DEPALO; C.O.<br>E. BONNELL; JOHN DOE #1; JANE DOE #1;<br>JOHN DOE #2; JANE DOE #2,<br><br>                    Defendants. | 19-CV-11823 (CM)<br><br>ORDER OF DISMISSAL UNDER<br>28 U.S.C. § 1915(g) |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in Five Points Correctional Facility, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See Tolliver v. Keyser*, ECF 1:18-CV-4391, 6 (S.D.N.Y. Aug. 3, 2018).[1] That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new action seeking IFP status, the complaint does not show that Plaintiff is in imminent danger of serious physical injury.[2] Instead, Plaintiff alleges that

---

[1] In imposing the bar order, the Court determined that Plaintiff had accumulated three strikes under 28 U.S.C. § 1915(g): (1) *Tolliver v. Sidorowicz*, ECF 7:16-CV-0559, 20, 2017 WL 835193, at *1 (S.D.N.Y. Mar. 2, 2017) (dismissing the complaint for failure to state a claim), *aff'd*, 714 F. App'x 73 (2d Cir. 2018); (2) *Tolliver v. Ronemus*, ECF 1:14-CV-1349, 5 (S.D.N.Y. Apr. 1, 2014) (dismissing the complaint for failure to state a claim), (3) *appeal dismissed as frivolous*, No. 14-1300 (2d Cir. Sept. 9, 2014).

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

Defendants transferred him to another facility in retaliation for filing grievances. Plaintiff is therefore barred from filing this action IFP.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[3] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[4] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 4, 2020
        New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[3] Plaintiff may commence a new federal civil action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).