UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIC TOLLIVER,

                    Plaintiff,

-against-

LIEUTENANT JORDAN; C.O. DEPALO; C.O.
E. BONNELL; JOHN DOE #1; JANE DOE #1;
JOHN DOE #2; JANE DOE #2,

                    Defendants.

**ORDER OF SERVICE**

**19-CV-11823 (PMH)**

---

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, currently incarcerated in Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants transferred him to a new facility in retaliation for filing grievances. Plaintiff sues three correction officers at Sullivan County Correctional Facility; he also sues two Movement and Control officers at the New York State Department of Corrections and Community Supervision ("DOCCS"), previously named as John/Jane Doe Defendants, but who have since been identified by the Office of the Attorney General in response to this Court's Valentin Order dated May 6, 2020. (Docs. 12, 16). Plaintiff filed an Amended Complaint which now names the previous John/Jane Defendants as Defendants Gabriela Vega and Richard Houck. (Doc. 17).

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process ... in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the

date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and Amended Complaint until the Court reviewed the pleading and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Gabriela Vega and Richard Houck through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Gabriela Vega and Richard Houck and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge*

*v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED:**

Dated: New York, New York
July 16, 2020

_____
PHILIP M. HALPERN
United States District Judge

3

## DEFENDANTS AND SERVICE ADDRESSES

1. Gabriela Vega
   New York State Department of Corrections and Community Supervision
   Harriman State Campus - Building 2
   1220 Washington Avenue, Albany, NY 12226-2050

2. Richard Houck
   New York State Department of Corrections and Community Supervision
   Harriman State Campus - Building 2
   1220 Washington Avenue, Albany, NY 12226-2050