UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC TOLLIVER,

                              Plaintiff,

-against-

LIEUTENANT JORDAN, C.O., et al.

                             Defendants.

ORDER

19-CV-11823 (PMH)

PHILIP M. HALPERN, United States District Judge:

       By letter dated January 26, 2021, and filed on February 17, 2021, Plaintiff, who is currently housed at Shawangunk Correctional Facility ("Shawangunk") requested that the Court transfer him back to Sing Sing Correctional Facility ("Sing Sing"). (Doc. 38). On February 18, 2021, the Court issued an Order construing Plaintiff's request as a letter-motion seeking injunctive relief, and directed Defendants to respond by February 26, 2021. (Doc. 39). On February 25, 2021, Defendants filed their opposition to Plaintiff's motion for injunctive relief. (Doc. 45).

       Plaintiff seeks to be removed from Shawangunk and transferred back to Sing Sing upon the grounds that he "had no problem living at Sing Sing" and "there was no reason to have me transfer [sic] yet again. . . ." (Doc. 38). Defendants counter that Plaintiff has failed to meet the burden of proof required to obtain a preliminary injunction; that inmates have no right to be housed in a correctional facility of their choosing; and that Plaintiff was transferred out of Sing Sing because the facility was medically unsuitable for Plaintiff. (Doc. 45).

       As an initial matter, the Court construes Plaintiff's letter-motion as a motion for a preliminary injunction. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011). To obtain the relief Plaintiff seeks in his motion, he must allege sufficient facts to show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and

a balance of hardships tipping decidedly in his favor. *See, e.g.*, *UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011); *Patrick v. Local 51, Am. Postal Workers Union, AFL-CIO*, No. 19-CV-10715, 2020 WL 703392, at *2 (S.D.N.Y. Feb. 11, 2020). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

"Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose." *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Davis v. Kelly*, 160 F.3d 917, 920 (2d Cir. 1998) (a prisoner has no liberty interest in remaining at a particular correctional facility). Further, administrative decisions concerning prison transfers are generally within the discretion of the New York State Department of Corrections and Community Supervision ("DOCCS"). *Bonie v. Annucci*, No. 20-CV-640, 2020 WL 2489063, at *3 (S.D.N.Y. May 14, 2020). Thus, to the extent that Plaintiff seeks a transfer from this Court, he has shown no likelihood of success on the merits.

Moreover, Plaintiff's Amended Complaint seeks, *inter alia*, a transfer back to Sullivan Correctional Facility. (Doc. 17 at 7). Plaintiff complained that he was transferred to Attica Correctional Facility, where his disability was not accommodated. (*Id*. at 6). On this application, Plaintiff has not set forth any facts to support the propriety of a transfer to Sing Sing, especially in light of the allegations in his Amended Complaint that he requires to be in a facility that accommodates his disability (*id*.). Although Plaintiff states that he "had no problem living in Sing Sing," (Doc. 38), Defendants argue in opposition that DOCCS advised that Sing Sing in fact cannot accommodate Plaintiff's disability (Doc. 45). Plaintiff has not established that he will suffer irreparable harm if not transferred back to a facility that cannot accommodate his needs.

To the extent that Plaintiff argues the existence of irreparable harm resulting from the alleged denial of access to the law library at Sing Sing, the Court has given Plaintiff an extension of time to oppose Defendants' pending motion to dismiss, instructed that the Clerk's Office process Plaintiff's request for copies of the filings on the Court's docket, and directed Defendants to serve another copy of their motion papers upon Plaintiff. (Doc. 40). Put simply, Plaintiff has not carried his burden to obtain the extraordinary and drastic remedy of the requested injunctive relief. Accordingly, having considered Plaintiff's motion and the written response thereto by Defendants, the Court DENIES without prejudice Plaintiff's application for a preliminary injunction transferring him to Sing Sing. The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff.

**SO ORDERED:**

Dated: White Plains, New York
      February 26, 2021

_____

Philip M. Halpern
United States District Judge