UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC TOLLIVER,

                    Plaintiff,

        -against-

LIEUTENANT JORDAN, C.O., et al.

                    Defendants.

ORDER GRANTING
PRO BONO COUNSEL

No. 19-CV-11823 (PMH)

PHILIP M. HALPERN, United States District Judge:

The Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of summary judgment motion practice in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

On August 19, 2021, the Court entered an order, *inter alia*, granting Plaintiff's motion for pro bono counsel, directing the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of conducting discovery in this matter. (Doc. 57). Plaintiff ultimately proceeded pro se in discovery, and discovery closed on July 4, 2022. On September 15, 2022, the Court held a telephone conference and granted leave to Plaintiff and Defendants to each file motions for summary judgment. (Doc. 90). The Court set a briefing schedule for the motions. (*Id*.). On September 19, 2022, Plaintiff filed a letter seeking pro bono counsel to assist him in opposing Defendants' anticipated summary judgment motion. (Doc. 91).

The Court, in its August 19, 2021 Order, reviewed the factors courts should consider in deciding whether to grant a litigant's request for pro bono counsel. (Doc. 57 at 2-3). *See Hodge v. Police Officers*, 802 F.2d 58, 60-62 (2d Cir. 1986); *see also Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). There is no indication that Plaintiff's financial status has changed since he was granted leave to proceed *in forma pauperis*; the Court found that Plaintiff's claim is

"likely to be of substance," *Hodge*, 802 F.2d 61-62; and the other *Hodge* factors continue to weigh in favor of granting Plaintiff's application for all the same reasons the Court discussed in its August 19, 2021 Order. (Doc. 57 at 2-3). Accordingly, representation at the summary judgment stage would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

The Court, therefore, will request that counsel appear for the limited purpose of summary judgment motion practice, including pressing Plaintiff's anticipated motion should he be so advised, and opposing Defendants' anticipated motion. In addition, pro bono counsel may engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order. In particular, pro bono counsel will not be required to represent Plaintiff at a trial. In the event that this matter proceeds to trial, pro bono counsel may seek appropriate relief, including an expansion of pro bono counsel's role to include representation at trial. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon the full briefing of the summary judgment motions.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff for the limited purposes described above. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case without an attorney.

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff.

SO ORDERED:

Dated: White Plains, New York
       September 23, 2022

Philip M. Halpern
United States District Judge