UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC TOLLIVER,

Plaintiff,

-against-

LIEUTENANT JORDAN, C.O., et al.

Defendants.

**OPINION AND ORDER**

19-CV-11823 (PMH)

PHILIP M. HALPERN, United States District Judge:

Eric Tolliver ("Plaintiff") initiated this action, *pro se*, on December 20, 2019. (Doc. 2). The Court, in a July 1, 2021 Memorandum Opinion & Order, granted in part Defendants' motion to dismiss.[1] (Doc. 53). On March 28, 2023, the Court entered an Opinion & Order which granted Defendants' motion for summary judgment and denied Plaintiff's motion for summary judgment. (Doc. 110, "Opinion").[2] Plaintiff appealed from the Opinion to the Second Circuit Court of Appeals on April 6, 2023 (Doc. 112), and thereafter moved this Court under Rule 60(b)(1) to "set aside" the Opinion (Doc. 113). The Second Circuit, on April 26, 2023, stayed the appeal pending resolution of Plaintiff's motion. (Doc. 116).

For the reasons set forth below, Plaintiff's motion to vacate the Opinion is DENIED.

Rule 60(b)(1) allows the Court to grant relief from a final order or judgment for "mistake, inadvertence, surprise, or excusable neglect." A party seeking vacatur under Rule 60(b), whether proceeding *pro se* or not, "must present 'highly convincing' evidence, 'show good cause for the failure to act sooner,' and show that 'no undue hardship [would] be imposed on other parties.'"

---

[1] This decision is available on commercial databases. *See Tolliver v. Jordan*, No. 19-CV-11823, 2021 WL 2741728 (S.D.N.Y. July 1, 2021).

[2] This decision is available on commercial databases. *See Tolliver v. Jordan*, No. 19-CV-11823, 2023 WL 2664325 (S.D.N.Y. Mar. 28, 2023).

*Axar Master Fund, Ltd. v. Bedford*, 806 F. App'x 35, 40 (2d Cir. 2020);[3] *Brooks v. Doe Fund, Inc.*, No. 17-CV-3626, 2020 WL 5706451, at *3 (E.D.N.Y. Sept. 24, 2020) ("[A] pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion.")).

While Rule 60(b) must "be broadly construed to do substantial justice while respecting that final judgments should not be lightly reopened," *Thai-Lao Lignite (Thai.) Co. v. Gov't of Lao People's Dem. Rep.*, 864 F.3d 172, 183 (2d Cir. 2017), it "is a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Castro v. Bank of New York Mellon*, 852 F. App'x 25, 28 (2d Cir. 2021). "The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court . . . ." *Watts-Devine v. United States*, 616 F. App'x 9, 10 (2d Cir. 2015). Moreover, such a motion "may not be used as a substitute for appeal." *Castro*, 852 F. App'x at 28. "Accordingly, Rule 60(b) motions that simply attempt to relitigate issues and thereby circumvent the appellate process are routinely dismissed." *Espinal v. United States*, No. 91-CR-00310, 2006 WL 163179, at *2 (S.D.N.Y. Jan. 23, 2006).

Plaintiff first challenges the Court's determination that the evidence in the record demonstrated the lack of a causal connection between the protected speech and the transfer of Plaintiff from Sullivan to Attica Correctional Facility. (Doc. 113 at ¶¶ 7-8). The Court thoroughly considered and rejected Plaintiff's argument that he offered proof of such a connection, and, indeed, found that the evidence supported a contrary finding. (*See* Opinion at 8-11). As set forth in the Opinion, the record revealed that Plaintiff's grievances were not filed until after the transfer process was already underway and had been submitted to DOCCS's Classifications and

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

Movement. (*Id*. at 9). With respect to Plaintiff's argument that the Court should have drawn an inference that Defendants were aware of his Court of Claims lawsuit, and that their knowledge affected his transfer, the Court discussed in the Opinion that "[t]he inference Plaintiff urges cannot be drawn on a motion for summary judgment, where it is unsupported by a shred of evidence, and refuted by documentary evidence submitted by Defendants." (*Id*.). The Court further explained that as a separate and additional matter, the record conclusively demonstrated that Defendants were not personally involved in Plaintiff's transfer to Attica. (*Id*. at 10). Plaintiff's attempts to relitigate the same issues and facts already considered by the Court do not warrant the extraordinary judicial relief sought on this motion.

Plaintiff also contends that the Court erred in stating that Plaintiff did not identify the DOCCS official to whom he gave his Court of Claims lawsuit commencement paperwork. (Doc. 113 at ¶ 14). Plaintiff now, on this motion, contends that the official to whom he presented the paperwork is the same official who notarized the paperwork. (*Id*.). It is unreasonable to suggest that the Court should have divined that fact from looking at the notary stamp on the last page of the document. In any event, whether the name of that DOCCS official was offered on Plaintiff's motion for summary judgment was and is immaterial to the decision. As discussed in the Opinion, the record demonstrated that the Unscheduled Transfer Review process began on the same date that Plaintiff signed and mailed the Court of Claims lawsuit for filing—which filing was not received by Attorney General's Office until two days later—and Plaintiff offered nothing more than sheer speculation for the conclusion that Defendants therefore had to have known of the commencement (or content) of the lawsuit. (Opinion at 9).

Plaintiff also argues that vacatur is warranted because, as he argued in his summary judgment motion, he put Defendants on notice of his intent to file a lawsuit on May 2, 2019 at the

3

conclusion of the disciplinary hearing, but the hearing tapes were not provided to the Court for review or produced in discovery. (Doc. 113 at ¶ 14). Defendants provided both Plaintiff and the Court a transcript of Plaintiff's disciplinary hearing tapes that were transcribed by an independent third party as part of the record on summary judgment. (*See* Doc. 98-3). Plaintiff did not contend that the submission of those transcripts was inadequate; nor did he raise at any time with the Court a concern that he did not receive all the discovery he sought despite ample opportunity to do so. Indeed, at the close of discovery during a conference with the Court, Plaintiff acknowledged that discovery was closed but raised a single request for a copy of a misbehavior report, and none other. In any event, the disciplinary hearing tapes are not newly discovered evidence because the submission of the tapes, as opposed to the independently prepared transcript of them, would not have changed the outcome of the motions. *See Jian Wang v. IBM Corp.*, No. 11-CV-02992, 2019 WL 5552130, at *3 (S.D.N.Y. Oct. 28, 2019).

Accordingly, because Plaintiff has not produced "highly convincing evidence" that would warrant vacatur under Rule 60(b), *Axar Master Fund, Ltd.*, 806 F. App'x at 40, and simply rehashes the same arguments that were raised, thoroughly considered, and rejected in the Opinion, the motion must be denied.[4]

The Clerk of Court is respectfully requested to terminate the pending motion and transmit a copy of this Order to the Second Circuit Court of Appeals.

---

[4] The Court, in light of its ruling herein, need not and does not consider the good cause and undue hardship burdens of the Rule 60(b) analysis.

**SO ORDERED:**

Dated:  White Plains, New York
        October 5, 2023

_____
Philip M. Halpern
United States District Judge